UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| DONOVIN SPRAGUE, | ) | CIV. 11-5003-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING CASE |
| vs. | ) | |
| | ) | |
| CRAZY HORSE MEMORIAL | ) | |
| FOUNDATION, a South Dakota | ) | |
| Nonprofit Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

On January 10, 2011, plaintiff Donovin Sprague, appearing *pro se*, filed a complaint alleging defendant Crazy Horse Memorial Foundation engaged in intentional and unlawful employment practices on the basis of race, national origin and retaliation. (Docket 1). On February 18, 2011, defendant filed a motion to dismiss. (Docket 10). After initially granting Mr. Sprague an extension of time to obtain legal counsel and file his response to defendant's motion to dismiss, the court allowed an additional extension until June 16, 2011, for the filing of Mr. Sprague's response. (Docket 16). Mr. Sprague has not filed a response nor sought additional time to file a response. For the reasons stated below, defendant's motion to dismiss is granted.

## DISCUSSION

Mr. Sprague's complaint alleges he was terminated by defendant on February 24, 2010. (Docket 1 at ¶ 5). The grounds stated for in his complaint are based on 42 U.S.C. § 2000e *et seq.* ("Title VII"). Id. at ¶ 1.

Section 2000e-2 of Title VII provides that "[i]t shall be an unlawful employment practice for an employer–

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a).  Title VII also declares "[i]t shall be an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [an employee] has opposed any practice made an unlawful employment practice by this subchapter . . . ." 42 U.S.C. § 2000e-3(a).  "Title VII makes it unlawful for an employer to discriminate against an employee for 'oppos[ing] any practice made unlawful by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter.' " Gilooly v. Missouri Department of Health and Senior Services, 421 F.3d 734, 739 (8th Cir. 2005) (citing 42 U.S.C. § 2000e-3(a)).

Mr. Sprague received a notice of right to sue on October 8, 2010, from the United States Equal Employment Opportunity Commission ("EEOC").

(Docket 1 at ¶ 11). Defendant moves to dismiss Mr. Sprague's complaint as untimely filed under 42 U.S.C. § 2000e-5(f)(1). (Docket 10).

Title VII requires that following receipt by a complainant of a right to sue letter from the EEOC, a civil action must be filed within ninety days. 42 U.S.C. § 2000e-5(f)(1). Mr. Sprague acknowledges he received a right to sue letter from EEOC on October 8, 2010. (Docket 1 at ¶ 11). Thus, he had only ninety days thereafter within which to file a complaint with the court. 42 U.S.C. § 2000e-5(f)(1). The ninety-day deadline expired on Friday, January 7, 2011, three days before the filing of Mr. Sprague's complaint in federal district court.[1]

The Supreme Court has held "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). A "complainant has 90 days to file an action in an appropriate district court. 42 U.S.C. § 2000e-5(f)(1) . . . . Failure to file within 90 days bars the action, unless the plaintiff can establish a basis for equitable tolling or equitable estoppel." Lyons v. Potter, 521 F.3d 981, 983 (8th Cir. 2008). See

---

[1]The court counts October 9, 2010, as the first day of the ninety-day time period. "Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989).

also Williams v. Thomson Corporation, 383 F.3d 789, 790 (8th Cir. 2004) (dismissal of the complaint as untimely is appropriate because the complaint was filed more than ninety days after the issuance of the right-to-sue letter). "Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands." Williams, 383 F.3d at 791 (internal citation omitted).

Mr. Sprague presents no evidence to support a claim of equitable tolling to avoid the harsh consequences of failing to comply with the ninety-day filing deadline of 42 U.S.C. § 2000e-5(f)(1).

## ORDER

Based on the above analysis, it is hereby

ORDERED that defendant's motion to dismiss (Docket 10) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed with prejudice.

Dated August 5, 2011.

       BY THE COURT:

       /s/ *Jeffrey L. Viken*
       JEFFREY L. VIKEN
       UNITED STATES DISTRICT JUDGE